| **SUMMONS - CIVIL**<br>JD-CV-1 Rev. 2-20<br>C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;<br>P.B. §§ 3-1 through 3-21, 8-1, 10-13 | For information on<br>ADA accommodations,<br>contact a court clerk or<br>go to: *www.jud.ct.gov/ADA*. | **STATE OF CONNECTICUT**<br>**SUPERIOR COURT**<br>*www.jud.ct.gov*  |

**Instructions are on page 2.**

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.
☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.
☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk *(Number, street, town and zip code)* | Telephone number of clerk | **Return Date** *(Must be a Tuesday)* |
|---|---|---|
| 20 Franklin Square, New Britain, CT 06051 | ( 860 ) 515 – 5180 | **September 15, 2020** |

| ☒ Judicial District<br>☐ Housing Session | G.A.<br>Number: ___ | At *(City/Town)*<br>New Britain | Case type code *(See list on page 2)*<br>Major: **V**   Minor: **01** |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(if attorney or law firm)* |
|---|---|
| Howard, Kohn, Sprague & FitzGerald, LLP, 237 Buckingham Street, Hartford, CT 06126-1798 | 028160 |

| Telephone number | Signature of plaintiff *(if self-represented)* |
|---|---|
| ( 860 ) 525 – 3101 | |

The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.   ☐ Yes  ☒ No

E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book *(if agreed)*

| Parties | Name *(Last, First, Middle Initial)* and address of each party *(Number; street; P.O. Box; town; state; zip; country, if not USA)* | |
|---|---|---|
| **First plaintiff** | Name: **CASTILLO, SANDRA**<br>Address: 3117 Creek Drive, SE, Apt. 2A, Grand Rapids, MI 49512-2832 | P-01 |
| **Additional plaintiff** | Name:<br>Address: | P-02 |
| **First defendant** | Name: **SWIFT TRANSPORTATION SERVICES, LLC.**<br>Address: AFS: National Registered Agents, Inc, 67 Burnside Avenue, East Hartford, CT 06103-3220 | D-01 |
| **Additional defendant** | Name: **SWIFT TRANSPORTATION COMPANY OF ARIZONA**<br>Address: c/o Mr. Kevin Knight, President, 2200 S. 75th Avenue, Phoenix AZ 85033 | D-02 |
| **Additional defendant** | Name: **SWIFT SERVICES HOLDINGS, INC.**<br>Address: AFS: National Registerd Agenets, Inc., 67 Burnside Avenue, East Hartford, CT 06103-3220 | D-03 |
| **Additional defendant** | Name: **KNIGHT-SWIFT TRANSPORTATION HOLDINGS, INC.**<br>Address: c/o Mr. Kevin Knight, President, 2200 S. 75th Avenue, Phoenix, AZ 85033 | D-04 |

| Total number of plaintiffs: 1 | Total number of defendants: 5 | ☒ Form JD-CV-2 attached for additional parties |

**Notice to each defendant**

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date | Signed *(Sign and select proper box)* | ☒ Commissioner of Superior Court<br>☐ Clerk | Name of person signing<br>Thomas P. Cella, Esq. |
|---|---|---|---|
| 8/3/20 | *(signature)* | | |

**If this summons is signed by a Clerk:**
a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.
c. The court staff is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint.

| For Court Use Only |
|---|
| File Date |

| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* | Date | Docket Number |
|---|---|---|---|

Print Form    Page 1 of 2    Reset Form

**CIVIL SUMMONS**
**CONTINUATION OF PARTIES**
JD-CV-2   Rev. 9-12

**STATE OF CONNECTICUT**
**SUPERIOR COURT**

First named Plaintiff (Last, First, Middle Initial)
**CASTILLO, SANDRA**

First named Defendant (Last, First, Middle Initial)
**SWIFT TRANSPORATION SERVICES, LLC**

## Additional Plaintiffs

| Name (Last, First, Middle Initial, if individual) | Address (Number, Street, Town and Zip Code) | CODE |
|---|---|---|
| ~~HERNANDEZ, HECTOR, 32 Richard Street, New Britain, CT 06053~~ TPC | | 03 |
| | | 04 |
| | | 05 |
| | | 06 |
| | | 07 |
| | | 08 |
| | | 09 |
| | | 10 |
| | | 11 |
| | | 12 |
| | | 13 |

## Additional Defendants

| Name (Last, First, Middle Initial, if individual) | Address (Number, Street, Town and Zip Code) | CODE |
|---|---|---|
| Hernandez, Hector, 32 Richard Street, New Britain, CT 06053 TPC | | 05 |
| | | 06 |
| | | 07 |
| | | 08 |
| | | 09 |
| | | 10 |
| | | 11 |

FOR COURT USE ONLY - File Date

| | 12 | |
| | 13 | |
| | 14 | Docket number |

**CIVIL SUMMONS-Continuation**

Print Form    Reset Form

| | |
|---|---|
| **RETURN DATE: SEPTEMBER 15, 2020** : | **SUPERIOR COURT** |
| **SANDRA CASTILLO** : | **J.D. OF NEW BRITAIN** |
| **VS** : | **AT NEW BRITAIN** |
| **SWIFT TRANSPORTATION SERVICES LLC, ET AL** : | **AUGUST 3, 2020** |

## COMPLAINT

**FIRST COUNT** (vs. Swift Transportation Services, LLC and Hector Hernandez)

1. At all times relevant herein, the Plaintiff, Sandra Castillo, was a resident of the City of New Britain, Connecticut and now resides in Grand Rapids, Michigan.

2. At all times relevant herein, the Defendant, Swift Transportation Services, LLC ("Swift Transportation"), is a corporation organization and existing under the laws of the State of Arizona. Swift Transportation is authorized to do business in the State of Connecticut and, in fact, does business in the State of Connecticut. The Defendant, Hector Hernandez of New Britain, Connecticut, was, at all times relevant herein, an agent, servant or employee of Swift Transportation and was acting in the scope of his employment at the time of the subject motor vehicle accident.

1

3. On or about August 6, 2018, the Defendant, Hector Hernandez, was operating a tractor trailer motor vehicle owned by the Defendant, Swift Transportation, with the knowledge, consent and permission of Swift Transportation and in furtherance of the business of Swift Transportation. The Plaintiff, Sandra Castillo, was a passenger in said vehicle.

4. While the Defendant was traveling on Route 44 in Amenia, New York, he lost control of the tractor trailer causing it to overturn and crash on the highway.

5. The aforesaid collision and the Plaintiff's resulting injuries and losses were proximately caused by the negligence and carelessness of the Defendant in one or more of the following ways:

a. he failed to keep his vehicle under proper and reasonable control;

b. he operated his vehicle at an unreasonable rate of speed in light of the circumstances then and there existing;

c. he was inattentive and failed to keep and maintain a reasonable and proper lookout;

d. he failed to make proper use of his faculties and senses so as to avoid the aforementioned incident;

e. he failed to apply his brakes in a timely fashion to avoid the occurrence when,

2

       in the exercise of reasonable care, he could and should have done so;

f.    he operated his motor vehicle with inadequate brakes;

g.    he operated his vehicle in a careless manner and failed under the circumstances then and there existing to take reasonable and proper precautions to avoid the probability of harm to the Plaintiff.

6.    As a result of the carelessness and negligence of the Defendant, the Plaintiff was thrown in and about the vehicle causing her to sustain and suffer injuries to her left lower and left upper extremities, including a comminuted, displaced and depressed tibial plateau fracture of the left leg and a displaced tuberosity fracture of the left shoulder, some or all of which are likely to be permanent in nature. The Plaintiff has received hospital care, therapy, diagnostic tests and other medical care and treatment. She further sustained associated injuries to the attaching soft tissue structures of the aforementioned areas, emotional distress and associated pain and suffering.

7.    As a result of the carelessness and negligence of the Defendant, the Plaintiff has incurred bills and expenses for medical care and treatment and therapy and will, in all likelihood, incur additional expenses in the future. The plaintiff has a present fear of future medical and/or surgical treatment and the complications and risks associated therewith.

HOWARD, KOHN SPRAGUE & FITZGERALD, LLP • ATTORNEYS-AT-LAW
237 BUCKINGHAM STREET • P.O. BOX 261798 • HARTFORD, CT 06126-1798 • (860) 525-3101 • JURIS NO. 28160

8. As a result of the carelessness and negligence of the Defendant, the Plaintiff was unable to pursue her usual course of employment, thereby incurring lost income from her employment and has suffered a loss of earning capacity.

9. As a further result of the carelessness and negligence of the Defendant, the Plaintiff's ability to enjoy life's pleasures has been severely curtailed and diminished and will be similarly affected in the future.

**SECOND COUNT** (vs. Swift Transportation Company of Arizona and Hector Hernandez)

1. At all times relevant herein, the Plaintiff, Sandra Castillo, was a resident of the City of New Britain, Connecticut and now resides in Grand Rapids, Michigan.

2. At all times relevant herein, the Defendant, Swift Transportation Company of Arizona ("Swift Transportation"), is a corporation organization and existing under the laws of the State of Arizona. Swift Transportation is authorized to do business in the State of Connecticut and, in fact, does business in the State of Connecticut. The Defendant, Hector Hernandez of New Britain, Connecticut, was, at all times relevant herein, an agent, servant or employee of Swift Transportation and was acting in the scope of his employment at the time of the subject motor vehicle accident.

4

3.  On or about August 6, 2018, the Defendant, Hector Hernandez, was operating a tractor trailer motor vehicle owned by the Defendant, Swift Transportation, with the knowledge, consent and permission of Swift Transportation and in furtherance of the business of Swift Transportation. The Plaintiff, Sandra Castillo, was a passenger in said vehicle.

4.  While the Defendant was traveling on Route 44 in Amenia, New York, he lost control of the tractor trailer causing it to overturn and crash on the highway.

5.  The aforesaid collision and the Plaintiff's resulting injuries and losses were proximately caused by the negligence and carelessness of the Defendant in one or more of the following ways:

   a.  he failed to keep his vehicle under proper and reasonable control;

   b.  he operated his vehicle at an unreasonable rate of speed in light of the circumstances then and there existing;

   c.  he was inattentive and failed to keep and maintain a reasonable and proper lookout;

   d.  he failed to make proper use of his faculties and senses so as to avoid the aforementioned incident;

   e.  he failed to apply his brakes in a timely fashion to avoid the occurrence when,

5

       in the exercise of reasonable care, he could and should have done so;

f.    he operated his motor vehicle with inadequate brakes;

g.    he operated his vehicle in a careless manner and failed under the circumstances then and there existing to take reasonable and proper precautions to avoid the probability of harm to the Plaintiff.

6.    As a result of the carelessness and negligence of the Defendant, the Plaintiff was thrown in and about the vehicle causing her to sustain and suffer injuries to her left lower and left upper extremities, including a comminuted, displaced and depressed tibial plateau fracture of the left leg and a displaced tuberosity fracture of the left shoulder, some or all of which are likely to be permanent in nature. The Plaintiff has received hospital care, therapy, diagnostic tests and other medical care and treatment. She further sustained associated injuries to the attaching soft tissue structures of the aforementioned areas, emotional distress and associated pain and suffering.

7.    As a result of the carelessness and negligence of the Defendant, the Plaintiff has incurred bills and expenses for medical care and treatment and therapy and will, in all likelihood, incur additional expenses in the future. The plaintiff has a present fear of future medical and/or surgical treatment and the complications and risks associated therewith.

6

8.  As a result of the carelessness and negligence of the Defendant, the Plaintiff was unable to pursue her usual course of employment, thereby incurring lost income from her employment and has suffered a loss of earning capacity.

9.  As a further result of the carelessness and negligence of the Defendant, the Plaintiff's ability to enjoy life's pleasures has been severely curtailed and diminished and will be similarly affected in the future.

**THIRD COUNT** (vs. Swift Services Holdings, Inc. and Hector Hernandez)

1.  At all times relevant herein, the Plaintiff, Sandra Castillo, was a resident of the City of New Britain, Connecticut and now resides in Grand Rapids, Michigan.

2.  At all times relevant herein, the Defendant, Swift Services Holdings, Inc. ("Swift Transportation"), is a corporation organization and existing under the laws of the State of Arizona. Swift Transportation is authorized to do business in the State of Connecticut and, in fact, does business in the State of Connecticut. The Defendant, Hector Hernandez of New Britain, Connecticut, was, at all times relevant herein, an agent, servant or employee of Swift Transportation and was acting in the scope of his employment at the time of the subject motor vehicle accident.

7

3.  On or about August 6, 2018, the Defendant, Hector Hernandez, was operating a tractor trailer motor vehicle owned by the Defendant, Swift Transportation, with the knowledge, consent and permission of Swift Transportation and in furtherance of the business of Swift Transportation. The Plaintiff, Sandra Castillo, was a passenger in said vehicle.

4.  While the Defendant was traveling on Route 44 in Amenia, New York, he lost control of the tractor trailer causing it to overturn and crash on the highway.

5.  The aforesaid collision and the Plaintiff's resulting injuries and losses were proximately caused by the negligence and carelessness of the Defendant in one or more of the following ways:

   a.  he failed to keep his vehicle under proper and reasonable control;

   b.  he operated his vehicle at an unreasonable rate of speed in light of the circumstances then and there existing;

   c.  he was inattentive and failed to keep and maintain a reasonable and proper lookout;

   d.  he failed to make proper use of his faculties and senses so as to avoid the aforementioned incident;

   e.  he failed to apply his brakes in a timely fashion to avoid the occurrence when,

8

        in the exercise of reasonable care, he could and should have done so;

f.       he operated his motor vehicle with inadequate brakes;

g.      he operated his vehicle in a careless manner and failed under the circumstances then and there existing to take reasonable and proper precautions to avoid the probability of harm to the Plaintiff.

6.      As a result of the carelessness and negligence of the Defendant, the Plaintiff was thrown in and about the vehicle causing her to sustain and suffer injuries to her left lower and left upper extremities, including a comminuted, displaced and depressed tibial plateau fracture of the left leg and a displaced tuberosity fracture of the left shoulder, some or all of which are likely to be permanent in nature. The Plaintiff has received hospital care, therapy, diagnostic tests and other medical care and treatment. She further sustained associated injuries to the attaching soft tissue structures of the aforementioned areas, emotional distress and associated pain and suffering.

7.      As a result of the carelessness and negligence of the Defendant, the Plaintiff has incurred bills and expenses for medical care and treatment and therapy and will, in all likelihood, incur additional expenses in the future. The plaintiff has a present fear of future medical and/or surgical treatment and the complications and risks associated therewith.

HOWARD, KOHN SPRAGUE & FITZGERALD, LLP • ATTORNEYS-AT-LAW
237 BUCKINGHAM STREET • P.O. BOX 261798 • HARTFORD, CT 06126-1798 • (860) 525-3101 • JURIS NO. 28160

8. As a result of the carelessness and negligence of the Defendant, the Plaintiff was unable to pursue her usual course of employment, thereby incurring lost income from her employment and has suffered a loss of earning capacity.

9. As a further result of the carelessness and negligence of the Defendant, the Plaintiff's ability to enjoy life's pleasures has been severely curtailed and diminished and will be similarly affected in the future.

**FOURTH COUNT** (vs. Knight-Swift Transportation Holdings, Inc. and Hector Hernandez)

1. At all times relevant herein, the Plaintiff, Sandra Castillo, was a resident of the City of New Britain, Connecticut and now resides in Grand Rapids, Michigan.

2. At all times relevant herein, the Defendant, Knight-Swift Transportation Holdings, Inc. ("Swift Transportation"), is a corporation organization and existing under the laws of the State of Arizona. Swift Transportation is authorized to do business in the State of Connecticut and, in fact, does business in the State of Connecticut. The Defendant, Hector Hernandez of New Britain, Connecticut, was, at all times relevant herein, an agent, servant or employee of Swift Transportation and was acting in the scope of his employment at the time of the subject motor vehicle accident.

10

3.   On or about August 6, 2018, the Defendant, Hector Hernandez, was operating a tractor trailer motor vehicle owned by the Defendant, Swift Transportation, with the knowledge, consent and permission of Swift Transportation and in furtherance of the business of Swift Transportation. The Plaintiff, Sandra Castillo, was a passenger in said vehicle.

4.   While the Defendant was traveling on Route 44 in Amenia, New York, he lost control of the tractor trailer causing it to overturn and crash on the highway.

5.   The aforesaid collision and the Plaintiff's resulting injuries and losses were proximately caused by the negligence and carelessness of the Defendant in one or more of the following ways:

a.   he failed to keep his vehicle under proper and reasonable control;

b.   he operated his vehicle at an unreasonable rate of speed in light of the circumstances then and there existing;

c.   he was inattentive and failed to keep and maintain a reasonable and proper lookout;

d.   he failed to make proper use of his faculties and senses so as to avoid the aforementioned incident;

e.   he failed to apply his brakes in a timely fashion to avoid the occurrence when,

11

    in the exercise of reasonable care, he could and should have done so;

f.  he operated his motor vehicle with inadequate brakes;

g.  he operated his vehicle in a careless manner and failed under the circumstances then and there existing to take reasonable and proper precautions to avoid the probability of harm to the Plaintiff.

6.  As a result of the carelessness and negligence of the Defendant, the Plaintiff was thrown in and about the vehicle causing her to sustain and suffer injuries to her left lower and left upper extremities, including a comminuted, displaced and depressed tibial plateau fracture of the left leg and a displaced tuberosity fracture of the left shoulder, some or all of which are likely to be permanent in nature. The Plaintiff has received hospital care, therapy, diagnostic tests and other medical care and treatment. She further sustained associated injuries to the attaching soft tissue structures of the aforementioned areas, emotional distress and associated pain and suffering.

7.  As a result of the carelessness and negligence of the Defendant, the Plaintiff has incurred bills and expenses for medical care and treatment and therapy and will, in all likelihood, incur additional expenses in the future. The plaintiff has a present fear of future medical and/or surgical treatment and the complications and risks associated therewith.

12

8. As a result of the carelessness and negligence of the Defendant, the Plaintiff was unable to pursue her usual course of employment, thereby incurring lost income from her employment and has suffered a loss of earning capacity.

9. As a further result of the carelessness and negligence of the Defendant, the Plaintiff's ability to enjoy life's pleasures has been severely curtailed and diminished and will be similarly affected in the future.

WHEREFORE, the Plaintiff claims:

1. Money damages; and

2. Any other relief that in law or equity may pertain.

PLAINTIFF,

By_____
Thomas P. Cella, Esq.
Howard, Kohn, Sprague & FitzGerald
237 Buckingham Street
Hartford, CT 06106
ph: (860) 525-3101
fax: (860) 247-4201
tpc@hksflaw.com

13

| | | |
|---|---|---|
| **RETURN DATE: SEPTEMBER 15, 2020** | : | **SUPERIOR COURT** |
| **SANDRA CASTILLO** | : | **J.D. OF NEW BRITAIN** |
| **VS** | : | **AT NEW BRITAIN** |
| **SWIFT TRANSPORTATION SERVICES LLC, ET AL** | : | **AUGUST 3, 2020** |

## AMOUNT IN DEMAND

The amount in demand, exclusive of interest and costs, is in excess of Fifteen Thousand Dollars ($15,000.00).

PLAINTIFF,

By /s/ Thomas P. Cella
Thomas P. Cella
Howard, Kohn, Sprague & FitzGerald

14