UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SANDRA CASTILLO : | |
|     Plaintiff, : | |
| : | No. 20-cv-1291 (VLB) |
| v. : | |
| : | |
| SWIFT TRANSPORTATION : | October 2, 2020 |
| SERVICES, LLC, et al. : | |
|     Defendants. : | |
| : | |
| : | |
| : | |

## Order remanding case to Superior Court for the State of Connecticut

After reviewing the Defendants' Notice of Removal, accompanying filings, and the Defendants' response [Dkt. 16] to the Court's Order to Show Cause [Dkt. 14], the Court remands this matter to the Superior Court for the State of Connecticut because the Court does not have removal jurisdiction over the action pursuant to 28 U.S.C. § 1441(b)(2) because the Defendants only invoke diversity jurisdiction (28 U.S.C. § 1332(a)) and one of the Defendants, Mr. Hernandez, is a citizen of Connecticut.

## Procedural Background

On August 3, 2020, Plaintiff Sandra Castillo, a citizen of Michigan, commenced an action in Superior Court for the State of Connecticut against Defendants Hector Hernandez, a citizen of Connecticut, Swift Transportation Services, LLC, Swift Transportation Company of Arizona, Swift Services Holdings, Inc. and Knight-Swift Transportation Holdings, Inc. [Dkt. 1 (Not. of Removal, Dkt. 1-

1

1 (Compl.) ¶ 2)]. The corporate defendants maintain their principle place of business in Arizona, where they are also domiciled. [Dkt. 1 (Not. of Removal) ¶ 3].

The action alleges that Ms. Castillo sustained bodily injuries during a motor vehicle accident in New York involving a tractor-trailer truck that Defendant Hernandez operated on behalf of the other Defendants. [Compl. ¶¶ 3-5]. Plaintiff alleges that she sustained damages in excess of $15,000 for jurisdictional purposes; Defendants aver that some of Plaintiff's injuries are alleged to be permanent, resulting in lost earning capacity, and that the amount in controversy is in excess of $75,000. [Dkt. 1 (Not. of Removal) ¶ 4].

All Defendants joined and removed this action on September 2, 2020, asserting that this Court has diversity jurisdiction over the action pursuant to 28 U.S.C. § 1332(a)(1). [Dkt. 1]. The next day, the Court ordered the Defendants to show cause why the case should not be dismissed or remanded under 28 U.S.C. § 1441(b) because Defendant Hector Hernandez is a citizen of Connecticut.

The Defendants filed a timely response. [Dkt. 16]. The Defendants acknowledge that Mr. Hernandez is a citizen of Connecticut. [*Id.* at 1]. They argue that diversity jurisdiction exists because the parties are citizens of Michigan, Arizona and Connecticut and, therefore, they have sustained their burden for removal based on diversity jurisdiction. [*Id.* at 2]. Inexplicably their response does not address the applicability of 28 U.S.C. § 1441(b), which the Court ordered Defendants to address. As a consequence of Defendants' failure to comply with its order, this Court is obliged to expend hours preparing this memorandum of law.

## Removal Jurisdiction

The traditional justification for diversity jurisdiction is to "open[] the federal courts' doors to those who might otherwise suffer from local prejudice against out-of-state parties." *Hertz Corp. v. Friend*, 559 U.S. 77, 85 (2010) (citations omitted) (reversing district court's finding that jurisdiction was lacking). Removability is governed by 28 U.S.C. § 1441. The statute provides, in relevant part:

> **Generally.--***Except as otherwise expressly provided by Act of Congress*, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

§ 1441(a)(emphasis added).

Here, the removing Defendants satisfy the original jurisdiction requirement; complete diversity exists between the parties and the amount in controversy requirement is also satisfied. But the Defendants fail to satisfy the requirement for removing an action on diversity jurisdiction grounds. 28 U.S.C. § 1441(b)(2), states:

> (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

Plaintiff alleges and the Defendants concede that Mr. Hernandez is a citizen of Connecticut. Therefore, the removal of this action from Connecticut state court to this District patently violates the defendant-forum rule, 28 U.S.C. § 1441(b)(2). See, e.g., *U.S. Bank Tr., N.A. for Wells Fargo Asset Sec. Corp. v. Walbert*, No. 3:17-

CV-00991 (CSH), 2017 WL 3578553, at *3 (D. Conn. Aug. 18, 2017)("Defendant repeatedly ignores, and fails at all to address in his opposition, 28 U.S.C. § 1441(b)(2), which provides that actions (like this one) based solely on diversity jurisdiction are not removable where a defendant is a citizen of the state in which the action is originally brought. Thus, regardless of where Plaintiff is located, or even which entity is the correct Plaintiff, the Court lacks subject matter jurisdiction over this case against the [removing defendant]. There is no jurisdiction to hear the claims in this action based on diversity of citizenship, and this action must be remanded on this basis alone.")(footnotes omitted); *see also Vendor Res. Mgmt. v. Estate of Zackowski*, No. 3:19CV203(AWT), 2019 WL 2188754, at *3 (D. Conn. Apr. 10, 2019)(same); *Speranza v. Leonard*, 925 F. Supp. 2d 266, 272 (D. Conn. 2013)(same).

In the interest of not protracting this matter further unnecessarily, pursuant to Federal Rule of Civil Procedure 1 the Court commends to Defendants' counsel's reading this district's Local Rule 7. D. Conn. L. Civil R. 7(c)1. Notably, the standard for a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked matters, in other words, that might reasonably be expected to alter the conclusion reached by the court. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  A motion for reconsideration will only be granted, and should only be sought in *good faith* founded on a *diligent inquiry*, on one of the following three grounds: (1) an intervening change in the law; (2) the availability of new evidence; or (3) the need to correct a clear error or prevent manifest injustice.

4

*Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245 (2d Cir. 1992). Under no circumstances should a party be permitted to use a motion to reconsider solely to relitigate an issue already decided. *Shrader*, 70 F.3d 255, 257 (2d Cir. 1995). "[W]here litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d at 1255; Advisory Committee on Rules - 1983 Amendments, citing *RoadwayExpress Inc. v. Piper,* 447 U. S. 752 (1980); *Hall v. Cole,* 412 U. S. 1, 5 (1973). Under the "law of the case" doctrine, when a court has ruled on an issue, that decision should be adhered to by that court in subsequent stages in the same case unless cogent and compelling reasons militate otherwise." *Johnson v. Holder*, 564 F.3d 95, 99 (2d. Cir. 2009) (internal quotation marks omitted). A party which disagrees with a court's decision may file a timely appeal and a motion for reconsideration should not be allowed to be deployed as a strategic tool for extending an appeal deadline. This principle applies equally were a party seeks to advance an argument previously made on the same grounds rejected by the court, and where a party seeks to advance a new argument it could have but failed to advance in the first instance. To meet this standard, a motion for re-consideration must be accompanied by "a memorandum [of law] setting forth concisely the controlling decisions or data the movant believes the Court overlooked." D. Conn. L. Civil R. 7(c).

Defendants cannot meet the reconsideration standard. The Court identified the controlling law and afforded Defendants an opportunity to explain why the case should not be remanded. Defendants failed to comply with the Court's order and

advance a basis for jurisdiction. Thus, Defendants could not identify any matter which the Court failed to consider or a manifest injustice. Nor could there be an intervening change in law as the Court's decision is based on the law Defendants were directed to address and failed to do so. Finally, Mr. Hernandez was admittedly a citizen of Connecticut on the crucial date the case was filed. Even if he moved to another state after the case was filed the change would not confer jurisdiction. *LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2d Cir. 2001) ("The fact that [plaintiff] has become a citizen of New York for diversity purposes since filing this lawsuit does not destroy diversity jurisdiction; her status at the time she filed her complaint is controlling."); Wright & Miller 13F Fed. Prac. & Proc. Juris. § 3638 (3d ed.)

Finally, despite Defendants' counsel's failure to make a diligent inquiry of the law cited by the Court as ordered and the unnecessary expenditure of judicial resources occasioned by this failure, the Court declines to exercise its discretion to impose a sanction at this time. Fed. R. Civ. P. 11.

## Conclusion

For the reasons stated above, the Court REMANDS this matter to the Superior Court for the State of Connecticut. The Clerk shall send a certified copy of this Order to the Clerk of the Superior Court. 28 U.S.C. § 1447. Thereafter, the Clerk shall close this case.

Counsel for the removing Defendants is ordered to show cause why the Court should not require "payment of just costs and any actual expenses,

including attorney fees, incurred as a result of the removal" within 14 days of the entry of this order. 28 U.S.C. § 1447(c).

        IT IS SO ORDERED

        _____/s/_____

        Hon. Vanessa L. Bryant
        United States District Judge

Dated at Hartford, Connecticut: October 2, 2020